IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TONY ELLIOTT,

    Plaintiff,

vs.                                                                            Civ. No. 01-533 RLP/WWD ACE

THE CITY OF BELEN; ROSS LOVATO,
in his individual capacity; SALLY GARLEY,
in her individual capacity and in her official
capacity as City Manager of the City of Belen;
and MARY LUCY BACA, in her individual
capacity and in her official capacity as Human
Resources Manager of the City of Belen,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendants' Motion to Compel Plaintiff's Responses to Interrogatories and Requests for Production [docket no. 42] filed February 26, 2002. Defendants seek full and complete responses to interrogatories 4, 5, 8, 9, 13, 15, 20, 21, and 22. Defendants also seek production of documents sought in its request for production numbers 1, 3, 4, 5, 6, and 9. Defendants' reply indicates that the scope of disputed matters has been narrowed to interrogatories numbered 8 and 10, and request for production numbered 3 and 9; accordingly, only those items will be addressed.

*Interrogatory No. 8*

Interrogatory no. 8 reads as follows:

> Please state the total dollar amount of damages claimed in this action, describe exactly and in detail how said damages were computed, and identify each document that you intend to rely upon, in whole or in part, in computing said damages. In describing how said damages were computed, please provide a breakdown of the total dollar amount for each category of damages claimed, including without limitation, compensatory, punitive, fees, costs, economic, and psychological.

Plaintiff's answer is inadequate. While I might agree that the degree of precision sought by Defendants is unattainable, I will not accept the rather vague generalities set out by Plaintiff including any number of indicated calculations which are not carried out. Accordingly, Plaintiff shall make a more diligent effort to respond to interrogatory no. 8 to give as much detail as possible including carrying out computations which are indicated.

*Interrogatory No. 10*

Interrogatory no. 10 reads as follows:

> Please state the complete factual and evidentiary basis for your allegation in paragraph 10 of your First Amended Complaint that Ross Lovato instructed or encouraged Henry Jaramillo to run you down with a truck.

Although Plaintiff may be lacking in direct evidence to support the allegations in paragraph 10 of his First Amended Complaint, I will not rule out such reasonable inferences as might be drawn from the circumstances surrounding Plaintiff's employment. No further answer to interrogatory no. 10 will be required.

*Request for Production No. 3*

Request for Production no. 3 reads as follows:

> Any and all statements, writings, or documents made by you or someone other than you relating to your allegations in this lawsuit.

Plaintiff shall prepare a log of each and every document prepared in anticipation of the litigation or in the course of this litigation setting out the date of preparation, the general nature of the document, the number of pages in the document, and the claim of privilege being asserted in connection with the document.

*Request for Production No. 9*

> Request for Production no. 9 reads as follows:
>
> Your tax records from 1995 to the present, including without limitations, all W-2s, 1099s, state and federal returns, and all other documents you relied on, consulted, referred to, or used in preparing your returns.

Plaintiff shall furnish to Defendants any and all tax records he has in his possession for the taxable years 1996 through 2001.

The discovery ordered above shall be served on Defendants on or before April 10, 2002.

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE